# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ATITH H. MEHTA; CK GAS, LLC d/b/a 3-D
CHEVRON STATION,

    Plaintiffs,

vs.     CV 510-001

RICHARD R. FOSKEY; and JOHN M.
BLOODWORTH,

    Defendants.

## ORDER

Presently before the Court is Plaintiff Atith Mehta's Motion for Reconsideration, Dkt. No. 113. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## LEGAL STANDARD

A motion for reconsideration "is committed to the sound discretion of the district judge." <u>Region Eight Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993). There must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the

AO 72A
(Rev. 8/82)

court to amend its prior decision. See Sussman v. Salem, Saxon & Nielson, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"Reconsideration is appropriate only if [the moving party]: demonstrates: (1) an intervening change of law; (2) the availability of new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice." Whitesell Corp. v. Electolux Home Prods., Inc., No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010). "In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Id. Motions for reconsideration "should not be used to relitigate issues which have already been found lacking." Id. "[R]econsideration of an earlier order is an extraordinary remedy, which should be granted sparingly." Id.

## DISCUSSION

None of Plaintiff's arguments warrants reconsideration. The Motion for Reconsideration contains no basis to justify conclusions different than those reached in this Court's prior Order. See Dkt. No. 112.

In his Motion for Reconsideration, Plaintiff argues that "Cox did not tell Bloodworth that the young Indian male 'owned' the store." See Dkt. No. 113 at 2. Plaintiff takes issue with whether the suspect was described to Officer Bloodworth as a convenience store employee or as the convenience store owner.

2

Plaintiff argues that viewing the facts most favorably to Plaintiff means concluding that Cox did not tell Officer Bloodworth that the young Indian male that "*owned*" the store gave Boatright the marijuana bud, but that Cox told Officer Bloodworth that the young Indian male who *worked* at the store gave Boatright the marijuana bud. This argument, however, is surprising given that Plaintiff's counsel urged the opposite in opposition to summary judgment.

In "Plaintiffs' Statement of Additional Facts Which They Contend Are Material and Present a Genuine Issue for Trial," Plaintiff's counsel listed the following fact in opposition to Summary Judgment: "*Cox told Bloodworth a young Indian male who 'owns' the 3-D Store* gave Boatright the marijuana bud." Dkt. No. 90, Ex. 3, ¶ 5 (emphasis added). Plaintiff cannot now seek reconsideration or clarification based on a version of the facts that Plaintiff's own counsel previously advanced.

Plaintiff also contends that, viewing the facts most favorably to him, "Bloodworth did not interview Boatright before he applied for the arrest warrant." In the Order, this Court stated: "However, even if Officer Bloodworth had not spoken with Boatright prior to the search warrant and resulting arrest, a reasonable officer in Defendants' position would have probable cause to arrest Mehta based on the information supplied by Cox." Dkt. No. 112 at 11. Thus, Plaintiff's argument on this point

3

does not warrant reconsideration. As stated in the prior Order, the timing of Officer Bloodworth's conversation with Boatright has no impact on the appropriateness of summary judgment.

Additionally, Plaintiff contends the requirements of the "reasonable mistake-doctrine" are not met because Defendants did not have a valid arrest warrant. See Dkt. No. 113 at 12 (citing Rodriguez v. Ferrell, 280 F.3d 1341 (11th Cir. 2002)). However, the Court did not rely on the "reasonable mistake-doctrine" cited by Plaintiff because it is inapplicable to the present case and therefore irrelevant.

The only discussion concerning reasonable mistake in this Court's Order involved whether inaccuracies in Officer Bloodworth's affidavit in support of the *search* warrant invalidated the *search* warrant. Thus, the cases cited in the Order concerning the reasonableness of mistakes involve that issue. See Dkt. No. 112 at 12-14 (citing Maughon v. Bibb Cnty., 160 F.3d 658, 660 (11th Cir. 1998)). It would be circular and nonsensical if a valid warrant was required to evaluate whether the warrant was invalidated based on inaccuracies in a warrant application.

Furthermore, the "reasonable mistake-doctrine" cases cited by Plaintiff in his reconsideration request involve an entirely different situation than the present case. Those cases concern when law enforcement officers arrest one person, thinking it is

4

someone else. See Hill v. California, 401 U.S. 797, 802-04 (1971); Rodriguez, 280 F.3d at 1346 ("The same 'reasonable mistake' standard applies (1) in the context of a section 1983 action and (2) when the police have a valid warrant—as opposed to just probable cause—to arrest someone, but mistakenly arrest someone else due to misidentification."). In contrast, in this case, Defendants intended to arrest Plaintiff and did arrest Plaintiff. Viewing the facts most favorably to Plaintiff, Plaintiff was innocent, and it was someone else who committed the alleged crime. That situation, however, is materially different than that addressed in Hill and Rodriguez. As discussed in the Order, Defendants had probable cause to arrest Plaintiff, even though Plaintiff did not in fact commit the offense. Hill and Rodriguez involve law enforcement arresting *X*, for whom they have no probable cause, thinking that they are arresting *Y*, for whom they do have probable cause. The reasonable-mistake doctrine cited by Plaintiff does not apply every time the police arrest someone who is innocent.

Plaintiff reargues that Officer Bloodworth's investigation was insufficient. The Court addressed and rejected those arguments previously. In Rankin v. Evans, a case cited by Plaintiff, the Eleventh Circuit stated "[a]n arresting officer is required to conduct a *reasonable* investigation to establish probable cause." 133 F.3d 1425, 1435 (11th Cir. 1998) (emphasis

5

added). "An officer, however, need not take 'every conceivable step . . . at whatever cost, to eliminate the possibility of convicting an innocent man." Id. at 1436 (citations omitted). Without question, Officer Bloodworth could have conducted a more thorough investigation. The issue though is whether Officer Bloodworth's investigation was so cursory it violated the Constitution, not whether Officer Bloodworth should win an award for investigatory excellence.

Additionally, Plaintiff's arguments regarding the state law false imprisonment claim are unavailing. Plaintiff argues that his arrest was invalid under Georgia law because no exigency justified the lack of a warrant. As an initial matter, the Court notes an apparent difference in nomenclature between federal law and Georgia law.

Under federal law, no "exigency" is needed for an officer to arrest a suspect in public if that officer has probable cause. See United States v. Watson, 423 U.S. 411, 423-34 ("[T]he judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like."); United States v. Goddard, 312 F.3d 1360, 1362-63 (11th Cir. 2002) ("The search . . . . occurred in

AO 72A
(Rev. 8/82)

a public place and was supported by probable cause. There is no need to examine whether exigent circumstances also justified the issuance of a warrant.") The situation changes, however, if the arrest occurs within one's home. See Florida v. White, 526 U.S. 559, 565 (1999) ("[O]ur Fourth Amendment jurisprudence has consistently accorded law enforcement officials greater latitude in exercising their duties in public places."). Exigent circumstances, in addition to probable cause, are necessary for a warrantless home arrest under federal law. Welsh v. Wisconsin, 466 U.S. 740, 750 (1984)

For a warrantless arrest, Georgia requires the presence of one of the exigent circumstances listed in O.C.G.A. § 17-4-20(a). Kline v. KDB, 673 S.E.2d 516, 518-19 (Ga. Ct. App. 2009). However, probable cause counts as an exigent circumstance for a public arrest. Under O.C.G.A. § 17-4-20(a), one of the listed circumstances is when "there is likely to be a failure of justice for want of a judicial officer to issue a warrant." O.C.G.A. § 17-4-20(a). In interpreting the "failure of justice" exigency, the Georgia Supreme Court has held that "if an officer, while in the presence or vicinity of the accused, acquires 'probable cause' (federal) to arrest the accused outside of his or her home, and fails to make such arrest, there is likely to be a failure of justice as a matter of law if the officer is required to delay the arrest until a

warrant is obtained." Durden v. State, 297 S.E.2d 237, 240 (Ga. 1982). Thus, the Georgia rule is "the same as the federal rule." Id. "An arrest and search, legal under federal law, are legal under state law." Id. Essentially, under Georgia law, the existence of probable cause to effectuate a *public* arrest satisfies O.C.G.A. § 17-4-20(a). Officer Bloodworth, as discussed in the prior Order, had probable cause to arrest Plaintiff. This arrest occurred in public. As a result, the arrest complied with both federal and state law. Thus, Plaintiff cannot recover for false arrest.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, Dkt. No. 113, is **DENIED**.

**SO ORDERED**, this 29th day of April, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)