# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR 30 P 2: 53

CLERK _____
SO. DIST. OF GA.

ATITH H. MEHTA, and CK GAS,
LLC, d/b/a 3-D Chevron Station,

       Plaintiffs,

    v.

RICHARD R. FOSKEY; JOHN M.
BLOODWORTH; KEVIN BRITT;
MATT GOURLEY; and
MARK OSBURN,

       Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.: CV510-001

## O R D E R

Plaintiffs filed a Motion in Limine to exclude from trial five categories of evidence. (Doc. No. 124). Defendants filed a Response. (Doc. No. 128).

## I.   Material Seized

Plaintiffs move to prevent the jury from viewing any of the seized material at-issue in this case. Plaintiffs argue that jurors will be confused and enraged if they are permitted to examine the items. Plaintiffs submit that the content of the media is irrelevant to any factual issue in the case. Plaintiffs allege that obscenity is not the focus of this trial. Further, Plaintiffs state that even if the items are relevant, viewing its content would result in unfair prejudice.

Defendants contest Plaintiffs' Motion on several grounds. First, Defendants contend that as to Plaintiff 3-D, this trial is based on First and Fourth Amendment grounds. Defendants submit that Plaintiff 3-D brought suit on First Amendment

AO 72A
(Rev. 8/82)

grounds, therefore the jury should be permitted to examine the materials.[1]   Further, Defendants contend that the jury should at least be permitted to view the covers of the media, as they are relevant to the issue of damages and to the plausibility of Plaintiffs' claim that the items were in their possession for the purpose of sale to customers.

The standard for relevance is very low, in that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is admissible. FED. R. EVID. 401.   However, Rule 403 provides that relevant evidence may nonetheless be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.  Admission of the content of the materials would unfairly prejudice Plaintiffs and serve little probative value on the issues contested in this case. It is the circumstances surrounding the seizure of the magazines and DVDs, not their content, which are disputed.  The analysis of whether arguably obscene material was afforded the proper protection pre-seizure in accordance with the First Amendment is not dependent on whether the content of the seized material actually qualifies as obscene. E.g., Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46, 62-63 (1989) ("[T]his Court has repeatedly held that rigorous procedural safeguards must be employed before expressive materials can be seized as 'obscene.'").  Viewing the content of the items seized would unnecessarily distract and prejudice the jurors.

---

[1] Defendants allude to a prior suggestion by the Honorable Judge Lisa Godbey Wood during a telephone conference regarding the handling of the materials at trial.  Defendants seem to contend that Judge Wood's suggestion, aimed at achieving compromise between the parties, was a "ruling" on the issue.  No previous order or ruling has been entered determining the treatment of the media.

At trial, the Defendants will be allowed to display the seized items to the jury. The jury will be allowed to view the covers of the material, but not the content. This procedure will avoid unnecessary prejudice while allowing the jury to comprehend the nature of the material taken, adequately assess its value in terms of appropriate damages, and weigh Plaintiffs' contention that the material was intended for sale. In accordance with the foregoing, this portion of Plaintiffs' Motion is **DENIED**.

## II.   Testimony by Taylor Boatright

Plaintiffs seek to preclude Taylor Boatright from testifying at trial. Plaintiffs allege that Defendants did not speak with Ms. Boatright prior to the contested search at issue in this case. Plaintiffs argue that if Defendants were not privy to the information provided by Ms. Boatright prior to the search, her testimony is irrelevant to whether the search was permissible. Plaintiffs, however, request the ability to reserve Ms. Boatright as a rebuttal witness.

Defendants argue that Chief Judge Wood's Order on Defendants' Motion for Summary Judgment was clear on this issue. (Doc. No. 112). The undersigned agrees that Chief Judge Wood has previously determined that the record is somewhat unclear as to whether Defendants interviewed Ms. Boatright before or after the search warrant was obtained. (Id. at pp. 10 – 11). Plaintiffs attempt to argue that because the witnesses' memories are not perfectly clear, the possibility that Defendants interviewed Ms. Boatright prior to obtaining the search warrant is completely foreclosed. The record does not support such a conclusion.

Plaintiffs' objections go to the weight to be given Ms. Boatright's testimony, not its admissibility. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." McDowell v. Brown, 392 F.3d 1289, 1299 (11th Cir. 2004) (internal punctuation and citations omitted). Plaintiffs' own request to reserve Ms. Boatright as a rebuttal witness "if otherwise needed" demonstrates that excluding her testimony entirely at this stage of the litigation would be premature. (Doc. No. 124, p. 4). Based on the foregoing, this portion of Plaintiffs' Motion is **DENIED** at this time.

**III.    Evidence of alleged crimes occurring on the premises or by Mehta**

Plaintiffs move to exclude all mention of other crimes alleged to have occurred on the premises or by Mehta other than the January 2, 2008 incident. Plaintiffs specifically find a theft by taking incident in Bibb County mentioned by Mehta in his deposition objectionable. Plaintiffs aver that charge was later dropped. Plaintiffs generally cite Rule 403 for support.[2]

Defendants contend that the mentioned Bibb County incident could be relevant to Mehta's claim for emotional distress damages. Also, Defendants submit that an order excluding all other alleged incidents on the premises would be overly broad because it is unclear what "other crimes" Plaintiffs wish to exclude.

The Court agrees with Defendants. An order excluding all such evidence would be overly broad. Furthermore, Defendants may introduce evidence that Mehta has

---

[2] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

previously been arrested as that is relevant to Mehta's emotional distress claim. Of course, Mehta may introduce evidence that the charge was dismissed. This portion of Plaintiffs' Motion is **DENIED**.

### IV.    Identification of individuals as former Defendants

Plaintiffs seek to prevent certain witnesses from being identified as former defendants in the instant case during trial. Plaintiffs contend it would risk confusion and mislead the jury to explain that these individuals were formerly defendants, dismissed from the suit prior to trial.

Defendants generally do not oppose this Motion; therefore, this portion of Plaintiffs' Motion is **GRANTED**. However, as mentioned in Defendants' Response, should Plaintiffs implicate any former defendant as responsible for wrongdoing, this Order shall not prevent Defendants' objection at trial.

### V.    Documents

Plaintiffs submit objection to certain documents from the current exhibit list. (Doc. No. 104, pp. 18-23). Plaintiffs' objections to Items 29(a) – 31(v) (the seized material) have been considered in Section I, above.

Plaintiffs also move to exclude Item 12, a letter from Richard Strickland to Plaintiffs' counsel, as irrelevant. Plaintiffs argue that admitting the letter as evidence would convert counsel to witnesses. Defendants contend that the letter is relevant as to the issue of damages, but would instead agree to a stipulation that: "on July 22, 2010, Plaintiffs' pornographic magazines and pornographic DVDs were returned to Plaintiffs and that Plaintiff(s) had not previously requested those materials." (Doc. No. 128, p. 7).

AO 72A
(Rev. 8/82)

Defendants have offered a relevant purpose for the admission of Item 12.  The Court views Defendants' proposed stipulation as an acceptable compromise on the use of the document at trial.  However, if Plaintiffs do not agree to Defendants' offered stipulation, the document will be admissible, assuming it is otherwise properly presented at trial under the applicable rules.   Therefore, this portion of Plaintiffs' Motion is **DENIED**.

Any objections to this Order must be filed by noon on May 8, 2013.

**SO ORDERED**, this _30_ th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE