IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ATITH H. MEHTA, and CK GAS,
LLC, d/b/a 3-D Chevron Station,

    Plaintiffs,

v.

RICHARD R. FOSKEY; JOHN M.
BLOODWORTH; KEVIN BRITT;
MATT GOURLEY; and
MARK OSBURN;

    Defendants.

CIVIL ACTION NO.: CV510-001

## ORDER

Defendants filed a Motion in Limine to exclude three categories of evidence. (Doc. No. 118). Plaintiffs filed a Response. (Doc. No. 134).

### I. Evidence of Damages

Defendants move to preclude Plaintiffs from presenting evidence or argument supporting a claim for damages other than nominal damages. Defendants allege that Plaintiffs have not presented evidence of actual, specific injuries on which to base compensatory damages. Defendants contend that because Plaintiffs have not shown a basis for the determination of compensatory damages, they should be limited to argument seeking only nominal damages.

Defendants also attack Plaintiffs' claims for lost profits, diminished value of the business, loss of goodwill, and loss of the sale of the store. Defendants contend that claims for these alleged damages should fail for factual insufficiency. Defendants suggest that without expert testimony, such damages cannot be quantified.

Specifically as to Plaintiffs' lost profits claim, Defendants emphasize that compensatory damages cannot be based upon speculation. Also, Defendants contend that Plaintiffs lack a causal connection between the allegedly unconstitutional seizure of the media and "loss-of-goodwill" damages. Defendants submit that because Plaintiffs have not presented legally sufficient evidence to support these categories of damages, all testimony and reference concerning such damages should be excluded from trial.

Plaintiffs contend that the parties fundamentally disagree about the nature of the damages incurred by Plaintiffs as a result of the allegedly unconstitutional search of Plaintiff Mehta's hotel room and seizure of media from Plaintiff 3-D. Plaintiffs allege compensatory and punitive damages are available in this case, and that the evidence presented at trial will support an award of each. Plaintiff 3-D also argues lost profits and loss-in-value are proper measures of damages for the allegedly unlawful seizure of its media. Plaintiffs aver that, at trial, there will be ample evidence in the record to support recovery of these damages based on fair market value and industry-standards of valuation.

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Lacy v. Wallace, 2012 WL 1601067, *1 (S.D. Ga. May 7, 2012) (quoting Stewart v. Hooters of America, Inc., 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007); citing Luce v. United States, 469 U.S. 38, 41 (1984); Hawthorne Partners v. AT&T Technologies, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must

be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id.

Section 1983 damages are designed "to compensate persons for injuries that are caused by the deprivation of constitutional rights." Carey v. Piphus, 435 U.S. 247, 253 – 254 (1978). Precedent has recognized the availability of both compensatory and punitive damages to a § 1983 plaintiff who has demonstrated deprivation of his constitutional rights. See Id. (compensatory damages) and Smith v. Wade, 461 U.S. 30 (1983) (punitive damages). The Eleventh Circuit has explained the evidentiary requirements a § 1983 plaintiff must prove to be entitled to such relief:

> [C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Consequently, when a plaintiff does not provide any proof of a specific, actual injury caused by the defendants' conduct, [the plaintiff] is not entitled to compensatory damages. Moreover, [g]enerally, in order to recover compensatory damages a plaintiff must meet not only the burden of proving the fact of damage but also the burden of proving a basis for a determination of the amount of damage. Although this burden of proving the amount of damage is not an onerous one, it must still be met. Finally, in order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of others.

Christiansen v. McRay, 380 F. Appx 862 (11th Cir. 2010) (internal citations omitted).

Defendants assert that Plaintiffs' damages are incapable of specific proof and are "difficult to quantify", therefore, all evidence of such damages should be excluded. This analysis places too strong a burden on Plaintiffs at this stage in the litigation. Eleventh Circuit precedent reveals that,

> [a]lthough compensatory damages must be proven, general compensatory damages, as opposed to special damages, need not be proved with a high degree of specificity and may be inferred from the circumstances. A plaintiff may be compensated for intangible, psychological injuries as well as financial,

property, or physical harms. Humiliation and insult are recognized, recoverable harms, and a plaintiff's own testimony of embarrassment and humiliation can be sufficient to support an award for compensatory damages.

Bogle v. McClure, 332 F.3d 1347, 1359 (11th Cir. 2003) (internal citations omitted).

As to Plaintiff 3-D's claim for loss of goodwill damages, those are cognizable injuries under § 1983. Damage to Plaintiffs' reputation is an element of damages to be proven at trial *if* Plaintiffs can demonstrate that the damage occurred as a result of other, related unconstitutional conduct.

[A] federally recognized liberty interest is implicated only when an individual's reputation is stigmatized in connection with the denial of some specific constitutional guarantee or some more tangible interest. [T]o the extent the unconstitutional conduct caused injury to [plaintiffs'] personal or business reputations, the injury is compensable as an element of damages flowing from the unlawful conduct.

Mastroianni v. Deering, 835 F. Supp. 1577, 1585 (S.D. Ga. 1993) (internal citations omitted).

Based on defense counsels' own conclusions as to the legitimacy of Plaintiffs' damages, Defendants move this Court, prior to trial, to exclude *all* evidence of damages (other than nominal damages). Defendants' request conflates the analysis of liability and damages. It is too premature to consider the types of damages which might be appropriate in this case. See i.d. (finding consideration of appropriate measure of damages premature on motion to dismiss). If Plaintiffs demonstrate a constitutional deprivation, Plaintiffs are entitled to the opportunity to present evidence of all resultant damages. The onus is on Plaintiffs to prove, at trial, "that, except for [the] constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the

4

tortious acts or omissions in issue." Jackson v. Sauls, 206 F.3d 1156, 1168 (11th Cir. 2000). Based on the foregoing, this portion of Defendants' Motion is **denied**.[1]

## II. Newspaper Articles

Defendants seek to exclude Plaintiffs' Exhibits 10. Defendants contend this exhibit contains newspaper articles, and should be excluded because the articles are hearsay. Plaintiffs assert that the newspaper articles will not be offered for the truth of the matter asserted in them. Plaintiffs propose to offer the articles in support of their contention that "Mehta was humiliated and embarrassed by the events . . . and [to show] how the Convenience Store was pegged as selling unlawful pornographic materials." (Doc. No. 134, p. 16).

Hearsay is defined as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). If a statement qualifies as hearsay, it is generally inadmissible unless it falls into one of the exceptions to the rule against hearsay. FED. R. EVID. 802.

Here, the newspaper articles are not offered to prove the truth of the matters asserted therein – the occurrence of the seizure and arrest – but rather are offered to show the existence of local newspaper articles reporting the events at-issue which characterized Plaintiffs in an allegedly unflattering light. See United States v. Michtavi, 155 F. Appx 433, 435-436 (11th Cir. 2005) (finding no error in trial court's admission of newspaper articles as non-hearsay evidence when used to demonstrate the articles

---

[1] This Order shall not serve to prevent objections based on the admissibility of the evidence offered at trial by Plaintiffs in support of their claims for damages. Nor shall this Order prevent a request for limiting instructions as to the use of the proffered evidence. Evidence will be admitted at trial in accordance with the applicable rules.

themselves existed). Based on the foregoing, this portion of Defendants' Motion is **denied**. This Order shall not prevent objection at trial to use of the newspaper articles if offered for an impermissible purpose or in contravention of the applicable rules.

### III. Trial Exhibits

Defendants contend that certain pieces of evidence listed in the Pre-Trial Order have been rendered irrelevant as a result of the dismissal of some of Plaintiffs' claims on summary judgment. Defendants generally cite Rule 402 as the basis for the exclusion of the following:

A. Item 1, Georgia Department of Corrections Canine Unit Activity Report [Doc. 89-2]

B. Item 2, Ware SP (master log) – January 2008 [Doc. 89-3]

C. Item 11, Criminal History Search [Doc. 89-21]

D. Item 14, Photographs of Vatsal Pithwa [Doc. 92-1]

E. Item 16, Letter from Markowich (District Attorney, Waycross Judicial Circuit) to Bloodworth dated 10/15/2008 [Doc. 89-27 at 3]

F. Item 17, Arrest/Booking Report [Doc. 89-28]

G. Item 22, Chapter 9 – Search and Seizure [Doc. 89-35]

H. Item 23, Chapter 8 – Arrest [Doc. 89-36]

I. Item 25, Chapter 5 – Conduct [Doc. 89-38]

J. Item 26, Response of Defendant Cameron O'Neal to Plaintiffs' First Interrogatories and Requests for Production to Defendant Cameron O'Neal[2]

---

[2] The parties reference various item numbers identifying the documents that do not correspond to the numbers used in the Pretrial Order. The undersigned refers to the documents herein using the Item Number and Title of the documents listed in the **PreTrial Order, Doc. No. 104, pp. 18-23**, to avoid

Defendants claim two other pieces of evidence should be excluded as irrelevant, prejudicial, and inadmissible character evidence. These documents are: Item 24, Letters from Foskey (Bacon County Sheriff's Department, dated September 4, 2009) to P.O.S.T. re Bloodworth's misconduct [Doc. 89-37] and Item 28, Pardoning the Prisoner Within, John M. Bloodworth (2012).

As to Items 1, 2, 11, 16, 24, 26, and 28, Plaintiffs' withdrew the use of these exhibits from their case-in-chief in light of the Court's Order on summary judgment. Plaintiffs reserved the right to use these documents for impeachment and rehabilitation, and conditioned the withdrawal on their right to appeal summary judgment. Therefore, Defendants' Objections as to these exhibits are **dismissed** as moot.

As for Item 14 (Photographs of Vatsal Pithwa) and Item 17 (Arrest/Booking Report), Plaintiffs make no arguments; therefore, Defendants' Objections as to these exhibits are **granted** as unopposed.

Plaintiffs contend Items 22, 23, and 25, the "Sheriff's Operation Procedures", are admissible. Plaintiffs assert that while the operating procedures do not in and of themselves demonstrate a violation of the Fourth Amendment, they are relevant to whether a "suspect could feel coerced". (Doc. No. 134, p. 19).

The Eleventh Circuit has identified a non-exhaustive list of relevant factors to consider when assessing whether consent to a warrantless search is voluntary: voluntariness of the defendant's custodial status, the presence of coercive police procedures, the extent and level of the defendant's cooperation with police, the defendant's awareness of his right to refuse to consent to the search, the defendant's

---

confusion. The Court assumes the item numbers listed in Plaintiffs' Response correspond to the numbers listed in Defendants' Motion.

education and intelligence, and, the defendant's belief that no incriminating evidence will be found. United States v. Blake, 888 F.2d 795, 798 – 799 (11th Cir. 1989). Whether police acted in accordance with their own operating procedures is not a relevant factor to the analysis.[3] Instead, whether the behavior of and tactics used by the police were coercive at the time consent was given is the relevant focus of analysis in determining whether Plaintiff's consent was voluntary. The Sheriff's Operating Procedures are not determinative on whether police behavior is coercive under the Fourth Amendment and its jurisprudence. Therefore, Defendants' Objections as to Items 22, 23, and 25 are **granted**.

Any objections to this Order or the undersigned's Order dated April 30, 2013 (Doc. No. 133) shall be filed no later than noon on May 8, 2013.

**SO ORDERED**, this ___6th___ day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that in the instant case, the procedures themselves are not challenged as coercive tactics. Rather, Plaintiff wishes to support his allegation that police behavior at the time he gave consent was coercive through evidence that the police acted in contravention to their own procedures.

AO 72A
(Rev. 8/82)