# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ATITH H. MEHTA; CK GAS, LLC d/b/a 3-D    \*
CHEVRON STATION,                      \*
                                 \*

     Plaintiffs,                   \*
                                 \*

     vs.                            \*          CV 510-001
                                 \*

RICHARD R. FOSKEY; and JOHN M.      \*
BLOODWORTH,                        \*
                                 \*
                                 \*

     Defendants.                 \*

## ORDER

Presently before the Court are two appeals of the Magistrate Judge's orders on the motions in limine. See Dkt. Nos. 137, 138. Both Plaintiffs and Defendants filed motions in limine seeking to exclude certain evidence from trial. See Dkt. Nos. 118, 124. Both Plaintiffs and Defendants appeal portions of the Magistrate Judge's determinations. For the reasons stated below, the Magistrate Judge's orders are **AFFIRMED**. Dkt. Nos. 133, 135.

## I. Testimony of Taylor Boatright

Plaintiffs appeal the Magistrate Judge's determination that Taylor Boatright may testify. Plaintiffs state "the record is clear: The defendants did not interview Boatright before

AO 72A
(Rev. 8/82)

searching the motel room or arresting Mehta." Dkt. No. 137.

The record, however, does not support that statement. There is

testimony from Officer Bloodworth, Angie Cox, and Boatright

suggesting that the interview occurred the same day Boatright

received the cigarette box at the Convenience Store.

In his deposition, Officer Bloodworth gave the following

testimony:

> Q: I asked you earlier if there was anything else you
> did to investigate the crime—let's call it that— . . .
> A: Right.
> Q: . . . before applying for the warrant, and you said
> "No." Am I understanding that you had never had an
> opportunity to speak with Taylor [Boatright] before
> applying for the warrant?
> A: I did talk to Taylor [Boatright] before I applied
> for the warrant.
> Q: Okay. Why didn't you include that in your report?
> A: It is in the report. And I may have met Taylor
> after the search. I'm not sure.
> Q: Okay.
> A: I do know that I spoke with Taylor . . .
> Q: Okay.
> A: . . . about it.
> Q: And I'm focused—right now, I'm focused on before
> you applied for the search warrant of Atith [Mehta].
> A: Yeah.

Dkt. No. 72, Ex. 11, 49:18-25, 50:1-15.

Cox also testified that, the same day that Boatright told

her about the incident, Officer Bloodworth talked to Boatright

at Cox's salon. Dkt. No. 76, 39:1-25, 40:1-25, 41:1-25, 42:1-

25. Cox stated she called Officer Bloodworth to her salon

"right then" after Boatright had relayed her story and that

AO 72A
(Rev. 8/82)

"[i]t didn't take him long to get there." Dkt. No. 76, 39:7-8, 40:22-32, 41:6-17.

Furthermore, Boatright herself, in her deposition, stated the following:

> Q: Okay. So you're talking-you're talking to Angie [Cox], tell her basically everything that happened, right?
> A: Right. Just like I-yeah.
> Q: And she says, "Honey, I'll take care of it"?
> A: Uh-huh.
> Q: Is that right?
> A: Yeah.
> Q: Anything else that you recall?
> A: That was pretty much it. And then the next day she called me over and – or that afternoon, or a little bit after that – I can't remember – and, you know, told me that somebody wanted to talk to me, which was John [Bloodworth].
> Q: Okay. Was that the next day?
> A: No, it wasn't the next day. It had to be a little bit after that because the next day that happened.
> Q: What happened?
> A: They busted him.
> Q: Okay. So you went to the 3-D store, this happened, and then the next day is when the arrest . . .
> A: Right. Uh-huh.

Dkt. No. 82, 34:1-25.

Later in Boatright's deposition, the following exchange occurred between Boatright and Plaintiffs' counsel.

> Q: Any chance that [Cox] called you the next day to come up to the store?
> A: No.
> Q: It was the same day?
> A: Same day.

Dkt. No. 82, 40:18-22.

AO 72A
(Rev. 8/82)

As noted in the Magistrate Judge's Order, Plaintiffs, in their Motion in Limine, requested reservation of Boatright as a rebuttal witness "if otherwise needed for rebuttal." Dkt. No. 124, at 4. "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Lacy v. Wallace, No. CV211-067, 2012 WL 1601067 (S.D. Ga. May 7, 2012). Boatright's testimony cannot be excluded as inadmissible on all potential grounds when Plaintiffs themselves might seek to call her as a witness. Accordingly, the Magistrate Judge's determination on this issue is **AFFIRMED**.

## II. Sheriff's Operation Procedures

Plaintiffs object to the exclusion of the Sheriff's Operation Procedures. See Dkt. No. 137. Under Federal Rule of Civil Procedure 72, a District Judge reviews a Magistrate Judge's determination on non-dispositive matters and reverses the ruling if the Magistrate Judge's determination is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiffs state they "understand this Court's position on this issue" and do not advance any argument for why the Magistrate Judge's determination is clearly erroneous or contrary to law. Dkt. No. 137 at 2. The Magistrate Judge's exclusion of this evidence is, therefore, **AFFIRMED**.

AO 72A
(Rev. 8/82)

### III. Interior Contents of Seized Magazines and DVDs

As Plaintiffs have positioned the case, CK Gas is currently only pursuing a challenge to the *procedure* Defendants utilized in seizing the materials. In their Motion in Limine, Plaintiffs stated that "the content of the media has nothing whatever to do with the damages suffered by the store for the unlawful seizure" and that "[t]his is not an obscenity trial." Dkt. No. 124 at 3. Those statements demonstrate quite clearly that CK Gas only seeks to recover for the procedure Defendants used in seizing the erotic materials.

A procedural challenge of this nature implicates both First and Fourth Amendment interests. The procedural protections afforded to expressive materials apply even if the expressive materials are obscene, and therefore not actually afforded First Amendment protections. The United States Supreme Court has stated these procedural protections apply to "seizures of *presumptively* protected material," and "*allegedly* obscene film, books, and papers." Maryland v. Macon, 472 U.S. 463, 468 (1985) (citations omitted) (emphasis added); Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 328 (1979) (emphasis added). This Court reads that language as meaning even obscene materials are afforded procedural protections. The scope of materials afforded these procedural protections is broader than the scope of materials afforded substantive protections by the First

5

Amendment. Thus, if CK Gas only challenges the procedural aspects of the seizure (as it appears to do), then no finding of obscenity is necessary because the procedural requirements remain the same whether or not the materials are, in fact, obscene.

However, if CK Gas attempts at trial to challenge any aspect of the seizure apart from the procedure used, then an obscenity finding would be required and the content of the materials would be relevant. The First Amendment offers no substantive protection for obscene materials. Miller v. California, 413 U.S. 15 (1973); Roth v. United States, 354 U.S. 476 (1957). CK Gas cannot both exclude the content of the magazines and the DVDs and attempt to recover for non-procedural violations of the First Amendment.

The Magistrate Order limiting the admission of the interior contents of erotic materials seized is therefore **AFFIRMED**. See Dkt. No. 133.

## IV. Expert Testimony & Track Record

Defendants contend that Plaintiffs cannot recover damages for loss of reputation or goodwill because they have not offered expert testimony and lack a sufficient track record for the business. Defendants cite a Sixth Circuit case to support the proposition that expert testimony is required for recovery of loss or reputation or goodwill. Dkt. No. 138 at 3 (citing

Roundhouse v. Owens-Illinois, Inc., 604 F.2d 990, 995 (6th Cir. 1979)). That case, however, does not support that conclusion. The Sixth Circuit in Roundhouse found several deficiencies in the plaintiffs' claim for loss of reputation and goodwill and stated "[n]or did plaintiffs offer any testimony valuing goodwill." Id. at 995. The lack of an expert was an additional way that the plaintiffs had failed to adequately prove loss of reputation and goodwill. This Court cannot conclude on the basis of Roundhouse that expert testimony is the only way to make such a showing.

There are cases, both state and federal, that have allowed a plaintiff to seek recovery for lost profits based on testimony from an owner or someone else involved in the business. See Miss. Chem. Corp. v. Dresser-Rand Co., 287 F.3d 359, 373 (5th Cir. 2002) (collecting cases allowing lost profit testimony where the witness has direct knowledge of the accounts at issue); Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1174-76 (3d Cir. 1993) (allowing business owner to give lay testimony as to damages based on knowledge and participation in day-to-day affairs); Johnson Cnty. Sch. v. Greater Savannah Lawn Care, 629 S.E.2d 271 (Ga. Ct. App. 2006) (denying recovery of lost profits, for other reasons, based on the testimony of the business purchaser); Bowdish v. Johns Creek Assocs., 406 S.E.2d

502 (Ga. Ct. App. 1991) (finding award of lost profits supported by plaintiff homebuilder's own testimony).

Defendants also contend the Convenience Store had an insufficient track record from which a jury could base an award because CK Gas only purchased the store 35 days before to the seizure of the erotic materials.  Dkt. No. 138.  Prior to trial, this Court cannot conclude that CK Gas has no way of proving a sufficient track record.  The Convenience Store had been operating prior CK Gas purchasing it, CK Gas owned another gas station and convenience store, and CK Gas had other potential purchasers of the Convenience Store that ultimately backed out.

Defendants are free to challenge at trial the sufficiency of any evidence submitted as to lost profits, goodwill, or reputation as too speculative.  Prior to hearing CK Gas's evidence, this Court cannot determine its sufficiency.

### CONCLUSION

For the reasons stated above, the Magistrate Judge's orders on the motions in limine are **AFFIRMED**.  Dkt. Nos. 135, 133.


**SO ORDERED**, this 10th day of May, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA